FILED
 2015 Aug-06  AM 11:46
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| I.A.M. NATIONAL PENSION FUND, *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Civil Action No. 3:15-cv-196-CLS<br>) |
| LISTERHILL TOTAL MAINTENANCE CENTER, LLC, | )<br>)<br>) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff I.A.M. National Pension Fund ("the Fund") is a "joint labor-management pension fund" that provides "pension, retirement and related benefits to the eligible employees of employers who contribute to the Fund pursuant to various collective bargaining agreements with affiliated local unions of the International Association of Machinists and Aerospace Workers."[1]  Plaintiffs Robert Roach, Jr., and Henry C. Eickelberg are Co-Chairmen of the Fund's Board of Trustees.[2] Plaintiffs filed this action on February 2, 2015, on behalf of the participants and beneficiaries of the Fund, and against Listerhill Total Maintenance Center, LLC ("Listerhill").[3]

---

[1] Doc. no. 1 (Complaint) ¶ 3.

[2] *Id.* ¶ 4.

[3] *Id.* ¶ 5.

Listerhill employs individuals who are represented for collective bargaining purposes by Lodge 1189 of the International Association of Machinists & Aerospace Workers, District 75 ("the Union").[4] Listerhill and the Union entered into a collective bargaining agreement, effective from February 11, 2009, to December 10, 2013,[5] by which the parties agreed, among other things, that Listerhill would be bound by the Fund's Trust Agreement and Plan rules.[6] The Trust Agreement requires all employers to make contributions to the Fund for each hour worked by each employee represented under the collective bargaining agreement.[7] The collective bargaining agreement was modified by a Side Letter Agreement and three attached Standard Contract Language forms executed by Listerhill and the Union on April 23, 2012. The Side Letter Agreement set forth new rates at which Listerhill was required to make contributions to the Fund for three classifications of employees, retroactive to February 11, 2009.[8] That obligation was subsequently continued through the expiration of the collective bargaining agreement on December 10, 2013.[9]

Listerhill failed to make the required contributions,[10] so plaintiffs commenced

---

[4] *Id.* ¶ 6.
[5] *Id.* ¶ 7.
[6] *Id.* ¶¶ 7-8.
[7] Doc. no. 1 (Complaint) ¶¶ 7-9.
[8] *Id.* ¶¶ 10-11.
[9] *Id.* ¶ 14.
[10] *Id.* ¶¶ 17-22.

Listerhill employs individuals who are represented for collective bargaining purposes by Lodge 1189 of the International Association of Machinists & Aerospace Workers, District 75 ("the Union").[4] Listerhill and the Union entered into a collective bargaining agreement, effective from February 11, 2009, to December 10, 2013,[5] by which the parties agreed, among other things, that Listerhill would be bound by the Fund's Trust Agreement and Plan rules.[6] The Trust Agreement requires all employers to make contributions to the Fund for each hour worked by each employee represented under the collective bargaining agreement.[7] The collective bargaining agreement was modified by a Side Letter Agreement and three attached Standard Contract Language forms executed by Listerhill and the Union on April 23, 2012. The Side Letter Agreement set forth new rates at which Listerhill was required to make contributions to the Fund for three classifications of employees, retroactive to February 11, 2009.[8] That obligation was subsequently continued through the expiration of the collective bargaining agreement on December 10, 2013.[9]

Listerhill failed to make the required contributions,[10] so plaintiffs commenced

---

[4] *Id.* ¶ 6.
[5] *Id.* ¶ 7.
[6] *Id.* ¶¶ 7-8.
[7] Doc. no. 1 (Complaint) ¶¶ 7-9.
[8] *Id.* ¶¶ 10-11.
[9] *Id.* ¶ 14.
[10] *Id.* ¶¶ 17-22.

this action, in which they assert a claim against Listerhill for violation of Section 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1145.[11]  Plaintiffs ask to be reimbursed

> for the delinquent contributions, interest on the delinquent contributions at the rate of 18% per annum on the total amount of the contributions from the date due until date paid, liquidated damages equal to the greater of the interest or 20% of the contributions, and reasonable attorneys' fees and costs of this action.[12]

The case currently is before the court on a motion to intervene filed by twenty-six individual employees of Listerhill whose employment is governed by the terms of the collective bargaining agreement, and who would be entitled to pension benefits under the Plan ("Intervenors").[13]  Intervenors seek to enter the case as plaintiffs, and

---

[11] *Id.* ¶¶ 24-27.  That statute states:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145.

[12] Doc. no. 1 (Complaint) ¶ 27.  According to the complaint, the Trust Agreement provides that "employers that fail to pay contributions are liable for liquidated damages in the amount of 20% of the delinquent contributions and interest accrued on the delinquent contributions at the rate of 18% per annum from the date of the delinquency until the date payment is received." *Id.* ¶ 9.

[13] Doc. no. 26 (Amended Motion for Intervention).  The Intervenors' names are Steven Peters, Robert Brewer, Chris Bailey, Terry Beecham, Ricky Brewer, Antony Bryant, Troy Butler, Roy Cottles, Joseph Evers, Bill Gober, Mark Hendrix, Gregory Hennigan, Robert Ledlow, Danny Looney, Kevin McCormack, Thomas Neyman, Robert Northrop, David Pennington, Terry Powell, Dwight Rich, Willie Rich, Marcus Roden, Joseph Staggs, Barney Tidwell, Roger White, and Michael Whitsett.  *See id.* at 1.

to file a Complaint for Declaratory Relief requesting the court to "declare their rights as to the correct contribution rate that the Defendant is obligated to pay on their behalves under the Side Letter Agreement and Standard Contract Language forms executed between the Union and Defendant."[14]  The original plaintiffs do not oppose the motion to intervene,[15] but defendant does.

Defendant asserts that, even if the requirements for intervention under Federal Rule of Civil Procedure 24 are satisfied, the motion to intervene should be denied because Intervenors are barred by the collective bargaining agreement from asserting a claim for declaratory judgment in this action.  The collective bargaining agreement states, in relevant part:

> In order for a grievance to be eligible under this Article, *any grievances concerning the interpretation or application of this Agreement shall be adjusted in the following manner*.  A grievance must be presented in writing (in person, by electronic mail or fax), signed by either the Grievant or his/her Union Representative within five (5) working days of the occurrence out of which the grievance arose.  Grievances which are not presented in this manner within the specified time limit are not eligible for consideration under this Article, and cannot be presented or considered at a later date.  In order to receive consideration under and be subject to the terms of this Article, a grievance must specify the provision of this Agreement alleged to be breached and the specifics of the alleged infraction.  It is the intent of both parties that grievances shall be handled in the manner provided in this Article and strictly within the time limits specified in each step of

---

[14] Doc. no. 26, Exhibit 1 (proposed Complaint for Declaratory Relief), at ¶ 28.
[15] *See* doc. no. 27 (Plaintiffs' Response to Amended Motion for Intervention).

this grievance procedure.  However, time limits may be extended in any step of this grievance procedure by mutual written consent.[16]

Defendant asserts that the Intervenors' proposed declaratory judgment claim is based upon an interpretation of the collective bargaining agreement and the Side Letter Agreement and Standard Contract Language forms attached thereto.  As such, defendant contends that Intervenors are required to submit the claim to arbitration through the grievance process outlined in the collective bargaining agreement, and they cannot "circumvent this procedure by intervening in a case pending in federal court."[17]  *See Darden v. U.S. Steel Corp.*, 830 F.2d 1116, 1120 (11th Cir. 1987) (holding that, "'[w]hen employees asserting an arbitrable grievance have not attempted to utilize the dispute resolution machinery available to them under the agreement, their independent suit against the employer must be dismissed'") (alteration in original) (citations omitted).

Intervenors dispute that their proposed declaratory judgment complaint raises a grievable issue under the collective bargaining agreement.  They first point to the section of the collective bargaining agreement defining the agreement's "general purpose" as including "to record the terms of agreement between the parties arrived at through collective bargaining in respect to rates of pay, wages, hours of

---

[16] Doc. no. 28-1 (Collective Bargaining Agreement), at 14, Art. 17 (emphasis supplied).

[17] Doc. no. 28, at 2.

5

employment, *and other expressed conditions contained herein.*"[18]  That argument is not persuasive.  While Intervenors' proposed complaint does not raise any issue of pay, wages, or hours of employment, it does address another condition of employment, *i.e.,* Listerhill's obligation to make contributions to the Fund on its employees' behalf.  That condition is stated in Article 21 of the collective bargaining agreement, as well as in the Side Letter Agreement and Standard Contract Language forms that have been expressly incorporated into the collective bargaining agreement.[19]

Intervenors also assert that, because plaintiffs are not parties to the collective bargaining agreement, the "key document" is the Fund's Trust Agreement, not the collective bargaining agreement.[20]  And, because the Trust Agreement does not require arbitration of claims pursuant to a grievance procedure, the Intervenors' claims should not be barred for failure to submit their claims to arbitration.  That argument misses the point.  Both the Trust Agreement and the collective bargaining

---

[18] Doc. no. 28-1, at 2, Art. 1 (emphasis supplied).

[19] *See id.* ("It is the intent of the Parties that this Agreement, *including the Side Letter Agreements that are dated as of the date of this Agreement*, and attached to this Agreement, constitute the entire Collective Bargaining Agreement of the Parties.") (emphasis supplied). *See also id.* at 18, Art. 21, Sec. 1 ("The Company agrees to contribute a pension factor of $0.40 per hour paid as worked up to a maximum of 2080 hours per calendar year to the I.A.M. National Pension Fund on behalf of the employees represented by the Union who have a seniority date of 02/09/06 or greater, and who have completed their probationary period . . . .").

[20] Doc. no. 31, at 4.

agreement require Listerhill to make certain contributions to the Fund.  *Plaintiffs* (the Fund and members of its Board of Trustees) are pursuing their claims against Listerhill under the Trust Agreement, because they are parties to that agreement.  But *Intervenors* (individual employees of Listerhill) are pursuing their claims under the collective bargaining agreement, because they are parties to that agreement.[21]  As such, the present plaintiffs' claims must be pursued in accordance with the Trust Agreement, and the Intervenors' claims must be pursued in accordance with the collective bargaining agreement.  Because the collective bargaining agreement requires all covered employees to first submit their claims to arbitration through the grievance procedure specified in the agreement, Intervenors cannot file a claim in this court without first pursuing arbitration.  Moreover, the collective bargaining agreement did not distinguish between damages claims and declaratory claims when stating that all claims should be pursued through the grievance procedure.

Additionally, Intervenors assert that defendant has not previously contested the ability of this court to interpret the collective bargaining agreement and Side Letter Agreement.  That argument also misses the point.  Defendant did not object when *plaintiffs* asked this court to interpret those agreements.  But plaintiffs are not parties

---

[21] *See* doc. no. 26-1 ¶ 7 ("The Defendant was a signatory to and bound by a collective bargaining agreement with the Union effective February 11, 2009 through December 10, 2013 ("The CBA").  The CBA obligates the Defendant Listerhill to make regular contributions to the fund on behalf of the Petitioners and other similarly situated, for all hours of work covered by the CBA.").

to the collective bargaining agreement, and they consequently are not bound by that agreement's grievance procedure. Intervenors *are* parties to the collective bargaining agreement, and they *are* bound by the grievance procedure. Defendant did not waive the right to contest this court's ability to interpret the collective bargaining agreement in connection with a claim asserted by the employees whose union is a party to the agreement.

In light of the foregoing, the motion to intervene is DENIED.

DONE this 6th day of August, 2015.

_____
United States District Judge